# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Fuller, | No. CV-19-05818-PHX-DWL (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Christina Lopez, et al., | |
| Defendants. | |

On December 1, 2020, Magistrate Judge Bibles issued a report and recommendation ("R&R") concluding that Plaintiff's motion for leave to file a second amended complaint should be denied.  (Doc. 63.)  Afterward, Plaintiff filed objections to the R&R (Doc. 64) and Defendants filed a response (Doc. 67).  For the following reasons, Plaintiff's objections are overruled and the R&R is adopted.

I. Background

This is a prisoner civil rights action.  Plaintiff, who has been represented at all times by counsel, is confined at CoreCivic's Saguaro Correctional Center ("SCC") in Eloy, Arizona.

On December 13, 2019, Plaintiff initiated this action by filing a complaint.  (Doc. 1.)  Plaintiff then filed a first amended complaint ("FAC").  (Doc. 5.)

On January 29, 2020, the Court issued a screening order in which it allowed Counts I and II of the FAC to proceed.  (Doc. 8.)  In those counts, Plaintiff alleges that he was sexually assaulted by Defendant Christina Lopez, who is a correctional officer at SCC, and

that Defendants Tom Thomas (SCC's warden), Ben Griego (SCC's assistant warden), and CoreCivic failed to protect him from harm. (*Id.* at 18.) In contrast, the Court dismissed Count III, which was characterized in the FAC as a claim under the First and Fourteenth Amendments for "Access to the Courts." (Doc. 5 ¶¶ 186-90.) The Court concluded this claim failed for several reasons, including that "Plaintiff fails to allege an actual injury or facts to support that he was denied the ability to present a nonfrivolous claim in court." (Doc. 8 at 16.) The Court further noted that, although "Plaintiff has not included a count for retaliation," any such claim would be unavailing because the FAC lacked sufficient details concerning the retaliation to which Plaintiff was allegedly exposed, including whether the alleged retaliatory acts (*e.g.,* bringing disciplinary charges against Plaintiff and then placing Plaintiff in segregation based on those charges) were supported by legitimate penological interests. (*Id.* at 16-18.)

On April 10, 2020, Judge Bibles issued the scheduling order. (Doc. 34.) Among other things, it set October 2, 2020 as the deadline for amending the pleadings. (*Id.* at 1.)

On October 2, 2020, Plaintiff filed a motion for leave to file a second amended complaint ("SAC"). (Doc. 56.) In his proposed SAC (Doc. 56 at 3-31), Plaintiff seeks to reinstate Count III. As noted, the FAC characterized Count III solely as an access-to-the-courts claim. In the SAC, it is now characterized as a claim for "*Retaliation and* Access to the Courts." (*Id.* at 29, emphasis added.) The SAC also includes a handful of new factual allegations, including new allegations concerning the acts of retaliation to which Plaintiff was allegedly exposed. Specifically, (1) paragraph 97 of the SAC now alleges that "[o]n June 13, 2019, Mr. Fuller was accused of receiving a bag of contraband commissary. The punishment was 30 days in disciplinary segregation starting on December 5, 2019 until January 4, 2020"; (2) paragraph 115 of the SAC now alleges that "[o]n July 8, 2019, Mr. Fuller was accused of receiving contraband in his cell and having an officer call his cousin. The punishment was 60 days in disciplinary segregation"; (3) paragraph 130 of the SAC now alleges that "[o]n July 10, 2019, Mr. Fuller was accused of tampering with the intercom. The punishment was 45 days in disciplinary segregation, consecutive to the July

8, 2019 disciplinary"; and (4) paragraph 179 of the SAC now alleges that "[o]n October 3, 2019, Mr. Fuller was given a ticket for refusing to house with an inmate who he believed would harm him. The penalty was 30 days in disciplinary segregation." The SAC also deletes two of the retaliation-related factual allegations that appeared in the FAC: (1) the former allegation in paragraph 155 that Plaintiff was "moved to N-Unit" on July 24, 2019 as part of a "retaliatory transfer"; and (2) the former allegation in paragraph 173 that "Mr. Fuller is still in segregation due to fabricated disciplinary charges."

On October 16, 2020, Defendants filed an opposition to Plaintiff's motion. (Doc. 57.)

On October 30, 2020, Plaintiff filed a reply. (Doc. 62.)

On December 1, 2020, Judge Bibles issued the R&R, which recommends that Plaintiff's motion be denied for five independent reasons. (Doc. 63.) First, the R&R concludes that, to the extent Plaintiff's theory is that he was subjected to retaliation based on his attempts to use the PREA hotline and/or to obtain counsel for the purpose of bringing this suit, such conduct is not constitutionally protected (and a retaliation-based § 1983 claim must be based on the exercise of a constitutional right). (*Id.* at 7.) Second, the R&R concludes that, because Plaintiff was able to file this lawsuit, he cannot establish that he suffered harm. (*Id.* at 7-8.) Third, the R&R notes that, in the screening order, the Court concluded that, to the extent Count III in the FAC was meant to be a retaliation claim, it failed because the FAC "failed to describe what the [fabricated disciplinary] charges were," failed to "allege facts to support that they were fabricated," and failed to "allege facts to support how the punishment was atypical or significant." (*Id.*at 8.) The R&R concludes that, although the SAC now includes new allegations describing the general nature of the disciplinary charges against Plaintiff, it still does not "alleg[e] facts establishing that the disciplinary charges were fabricated, that the punishments were atypical or significant, or that he was denied due process." (*Id.*) Thus, "Plaintiff's proposed amendments do not cure the deficiency identified by the Court and fail to meet the basic elements of a First Amendment retaliation claim." (*Id.*) Fourth, the R&R concludes that the SAC fails to

include specific allegations showing what each of the proposed new defendants (Gawlik, Perez, Guilin) individually did to harm Plaintiff. (*Id.* at 8-10.) Fifth, and finally, the R&R concludes that the SAC fails to state a *Monell* claim against CoreCivic because no policy or custom is alleged and the allegation that Gawlik, Perez, and Guilin were "supervisory defendants" is conclusory. (*Id.* at 10.)

On December 15, 2020, Plaintiff filed objections to the R&R. (Doc. 64.)

On January 8, 2021, Defendants responded to Plaintiff's objections. (Docs. 67, 68.)

II.     Legal Standard

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[1]

---

[1]     *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 422 (2018) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections. General objections that do not direct the district court to the issues in controversy are not sufficient. . . . [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

III. Analysis

Plaintiff raises three objections to the R&R. (Doc. 64.) First, Plaintiff challenges the R&R's assertion that his ability to file this lawsuit shows he didn't suffer a First Amendment injury, arguing that the Ninth Circuit rejected such a "Catch-22" approach to injury in *Rhodes v. Robinson*, 408 F.3d 559 (9th Cir. 2005). (*Id.* at 1-3.) Second, Plaintiff argues that the SAC provides sufficiently detailed allegations concerning the individual actions of Gawlik, Perez, Guilin and also shows a "clear pattern and practice" of retaliation by CoreCivic. (*Id.* at 3-5.) Third, Plaintiff argues that interference with access to PREA is analogous to interference with access to grievances. (*Id.* at 5-6.)

Defendants oppose Plaintiff's objections. (Docs. 67, 68.) Among other things, Defendants note that Plaintiff's objections don't address one of the independent reasons the R&R identified for denying Plaintiff's motion—that the SAC still does not allege the challenged disciplinary actions were taken in the absence of a legitimate penological purpose—and that Plaintiff has therefore "waived objections to" that finding. (Doc. 67 at 5-6.)

The Court agrees with Defendants. In Count III of the proposed SAC, Plaintiff seeks to assert a First Amendment claim for retaliation. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) *the action did not reasonably advance a legitimate correctional goal*." *Rhodes*, 408 F.3d at 567-68 (emphasis added). The R&R concludes that Count III of the proposed SAC is deficient for several different reasons, including that it fails to satisfy the final element of the *Rhodes* test because it merely identifies the acts of retaliation to which Plaintiff was exposed—bringing disciplinary charges against Plaintiff and then placing Plaintiff in segregation based on those charges—without alleging (except in conclusory fashion) that the disciplinary charges were pursued in the absence of a legitimate penological purpose. (Doc. 63 at 8.) Because Plaintiff's objections do not

address this portion of the R&R's analysis (which also formed part of screening order's basis for dismissing Count III), there is nothing for this Court to review. And because this un-objected-to conclusion provides an independent reason for denying Plaintiff's motion, the Court adopts the R&R's ultimate conclusion that Plaintiff's motion should be denied.

Accordingly, **IT IS ORDERED** that:

(1) The R&R's recommended disposition (Doc. 63) is **adopted**.

(2) Plaintiff's motion for leave to file a second amended complaint (Doc. 56) is **denied**.

Dated this 1st day of February, 2021.

Dominic W. Lanza
United States District Judge