Stacy Scheff #028364
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611
Tucson, AZ 85717
Ph: (520) 471-8333 – Fax: (520) 300-8033
Email: Stacy.Scheff@gmail.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Fuller,<br><br>        Plaintiff,<br><br>   vs.<br><br>Christina Lopez; CoreCivic; Todd Thomas; Asst. Warden Ben Griego; Sgt. Michael Gawlick; Sgt. A. Perez; & UTM J. Guilin,<br><br>        Defendants. | Case No. 2:19-cv-05818-DWL--CDB<br><br>**PLAINTIFF'S MOTION FOR RULE 54(b) ORDER** |

Plaintiff, via counsel, requests an Order pursuant to F.R.Civ.P. 54(b) as to Defendants CoreCivic, Thomas, and Griego.

Rule 54(b) states:

> JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES.
>
> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Rule 54(b) is designed to provide parties with an opportunity to appeal an

unfavorable ruling before a case has fully terminated. *Sears*, *Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956) (Rule 54(b) "provide[s] a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case"). *See also Special Invs., Inc. v. Aero Air, Inc.*, 360 F.3d 989, 993 (9th Cir. 2004) ("An order dismissing one party for lack of personal jurisdiction while allowing suit to continue against the remaining defendants is not a final, appealable order, absent an 'express determination that there is no just reason for delay and... an express direction for the entry of judgment.'") (alteration in original) (quoting Fed. R. Civ. P. 54(b); 28 U.S.C. § 1291).

Whether there is "just reason" involves a two-pronged inquiry. *Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015). First, courts analyze "juridical concerns," primarily "whether the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to [the Court of Appeals] on the same set of facts." *Id*. (cleaned up). See also *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-79 (9th Cir. 2005) (suggesting that the term "juridical concerns" is synonymous with "consideration of judicial administrative interests"). "This inquiry does not require the issues raised on appeal to be completely distinct from the rest of the action, so long as resolving the claims would streamline the ensuing litigation." *Jewel*, 810 F.3d at 628 (internal quotation marks omitted). Courts in the Ninth Circuit embrace a "pragmatic approach focusing on severability and efficient judicial administration." *Wood*, 422 F.3d at 880 (internal quotation marks omitted). Thus, claims may have "overlapping facts" and still

be "separate for purposes of Rule 54(b)." *Id*. at 881.

Second, courts undertake an "equitable analysis." *Jewel*, 810 F.3d at 628. District courts are "encourage[d]" but not required to "make factual findings and to explain their reasons for certifying." *Id.* Under the equitable analysis, courts "focus on traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). One example of an equitable consideration "that may inform a judge's decision" is whether the timing of the entry of judgment "would inflict severe financial harm" on either side. *Wood*, 422 F.3d at 878 n.2.

"Rule 54(b) certification is proper if it will aid expeditious decision of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (internal quotation marks omitted). "However, Rule 54(b) certification is scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id*. at 797-98 (internal quotation marks omitted). Entry of judgment under Rule 54(b) "is not routine" in ordinary cases and "should not become so." *Wood*, 422 F.3d at 879. The Ninth Circuit has advised that it "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Id*. at 882. It has also repeatedly admonished that "Rule 54(b) should be used sparingly." *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004). *See also Frank Briscoe Co., Inc. v. Morrison-Knudson Co., Inc.*, 776 F.2d 1414, 1416 (9th Cir. 1985) ("Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.") (internal quotation

marks omitted).

Here, the claims remaining against Defendant Christina Lopez are almost entirely distinct from the claims against the CoreCivic defendants that Plaintiff wishes to appeal. The claim against Ms. Lopez for the sexual assault ends when Ms. Lopez was terminated from employment at CoreCivic.  The claims against CoreCivic, Thomas, and Griego for retaliation begin on the same day that Ms. Lopez was terminated.  Therefore the claims are entirely distinct in time, even though they arise from the same set of events.

Therefore, certifying the claims against CoreCivic, Thomas, and Griego will not impact the remaining litigation against Defendant Lopez, but will allow Plaintiff to appeal the denial of leave to amend his complaint to include a claim for retaliation against those Defendants.

For these reasons, Plaintiff requests an Order pursuant to F.R.Civ.P. 54(b), certifying the final judgment against Defendants CoreCivic, Thomas, and Griego for immediate appeal.

LAW OFFICE OF STACY SCHEFF

STACY SCHEFF
Attorney for Plaintiff

Delivered via AZDC/ECF
to all registered participants

4